UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DARSELL HARRIS,               Case No. 3:19cv4939-TKW-EMT

    Plaintiff,

vs.

CENTURION OF FLORIDA, LLC and
MHM HEALTH PROFESSIONALS,
LLC f/k/a MHM HEALTH
PROFESSIONALS INC.,

    Defendants.
_____/

## AMENDED COMPLAINT

Plaintiff Darsell Harris sues Defendants Centurion of Florida, LLC and MHM Health Professionals, LLC f/k/a MHM Health Professionals Inc., and alleges:

### Nature of the Action

1. This is an action to remedy unlawful discrimination and retaliation under 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1981, and Florida Statutes § 760.01, *et seq.*

### Parties

2. At all material times, Plaintiff Darsell Harris has been a resident of Santa Rosa County, Florida. Plaintiff is a member of a protected class

because of her race (African-American) and because she reported and/or opposed unlawful employment practices.

3. Defendant Centurion of Florida, LLC ("Centurion") is a Florida limited liability company organized and existing under the laws of the State of Florida. At all material times, Centurion has been an "employer" as that term is used under the applicable laws.

4. Defendant MHM Health Professionals, LLC ("MHMHP"), formerly known as MHM Health Professionals Inc., is a foreign limited liability company authorized and doing business in the State of Florida. At all material times, MHMHP has been an "employer" as that term is used under the applicable laws.

## Jurisdiction and Venue

5. This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims arising under the laws of the United States.

6. This Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367(a) because those claims are so related to the federal claims that they form part of the same case or controversy.

7. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## **Conditions Precedent**

8.     Plaintiff has satisfied all conditions precedent to bringing this action in that she filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission and received a right-to-sue notice. This action is timely brought thereafter.

## **Factual Allegations**

9.     Centurion and MHMHP jointly employed Plaintiff.

10.     Plaintiff began her employment with Defendants in May 2017 as a Mental Health Professional at the Santa Rosa Correctional Institution ("SRCI") in Milton, Florida.

11.     In November 2018, Plaintiff attended a meeting in the Warden's office at the SRCI with some of her co-workers and supervisors to address an incident in which a Corrections Officer at the facility had fashioned and displayed a noose. Plaintiff and her co-workers reported during the meeting that they considered the Officer's actions to be racist, that the actions created a racially hostile work environment, and that the Officer's continued presence at the facility sent a message that racist acts of intimidation were accepted and condoned at the SRCI.

12.     In April 2019, one of Plaintiff's co-workers was suspended two days after she had reported an incident in which she witnessed two

3

Corrections Officers beating an African-American inmate. Two weeks later, the co-worker was fired. This caused the Mental Health Professionals at the facility to fear that they would be retaliated against for reporting misconduct including actual or potential unlawful acts.

13. On several occasions in the following weeks, Plaintiff and her fellow Mental Health Professionals met with their supervisors and voiced their concerns about the racially hostile work environment and their fear of being retaliated against for writing mandated incident reports. Plaintiff and her co-workers suggested several possible actions that could be taken to ameliorate the situation. Defendants responded, however, that little (if anything) could be done because the Corrections Officers involved were employed by the Florida Department of Corrections and not Defendants.

14. On or about April 22, 2019, Plaintiff and the other Mental Health Professionals attended a meeting with their supervisors and the Warden. During this meeting, rather than having their concerns addressed, Plaintiff and her co-workers were yelled at, and were told not to "stir the pot" and to stop discussing the noose incident in the breakroom.

15. On July 9, 2019, Plaintiff learned that four Corrections Officers at the SRCI had been overheard saying that they were going to lock Plaintiff in a room with inmates and let the inmates "beat the shit out of" her.

Plaintiff, in the presence of her supervisor and several co-workers, viewed the facility's videotapes and confirmed that the allegations were true. Plaintiff then met with her department supervisor, reported that she was concerned for her safety and that of her co-workers, requested to meet with the Warden to discuss her concerns, and requested a copy of the videotape.

16. Upon reporting to work on July 10, 2019 and seeing that one of the officers who had threatened her safety was working in the dorm to which she was assigned, Plaintiff met with her supervisors and reiterated her concerns. Plaintiff was asked if she wanted to be removed from her assigned caseload and reassigned to work in a different dorm. Plaintiff respectfully declined, explaining that she wanted to continue working with her patients and did not want them to suffer because of the Corrections Officers' actions. She further explained that reassigning her would only empower the Officers to continue bullying, threatening, and harassing her and her co-workers.

17. At the request of Plaintiff and the other Mental Health Professionals, another meeting was held with their supervisors on July 11, 2019. When Defendants again indicated that little (if anything) could be done, it was agreed that Plaintiff and her co-workers would take a "mental health day."

18. Plaintiff and several of her co-workers were not permitted to return to work when they attempted to do so on July 12, 2019. They were later advised that they had been suspended without pay for "abandoning" their patients.

19. On or about July 29, 2019, Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission, alleging that she had been discriminated against because of her race and retaliated against for complaining about the alleged discrimination.

20. On or around August 1, 2019, Defendants advised Plaintiff that she could return to work, that the investigation had been completed, but that Defendants would not provide any information about the results of the investigation.

21. Upon being permitted to return beginning August 15, 2019, Plaintiff was reassigned to work at the Century Correctional Institution in Century, Florida. She was placed in a different job, for which she received no training. Plaintiff's new assignment increased her daily commute time by approximately two hours.

## COUNT 1
### RACE DISCRIMINATION

22. Plaintiff realleges paragraphs 1 through 21 above.

23. Plaintiff has been discriminated against because of her race in

6

that she was treated differently than similarly situated non-African-American employees and has been subjected to hostility and poor treatment based, at least in part, on her race.

24. Defendants are liable for the differential treatment and hostility towards Plaintiff because they controlled the actions and inactions of the persons making decisions affecting Plaintiff or they knew or should have known about those actions or inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses of Plaintiff.

25. Defendants also knowingly condoned and ratified the differential treatment of Plaintiff because they allowed and/or participated in the differential treatment.

26. Defendants' knowing allowance and ratification of these actions and inactions created, perpetuated, and facilitated an abusive and offensive work environment under the law.

27. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's employment with Defendants and constitutes adverse employment action.

28. Defendants' acts and omissions constitute intentional discrimination and unlawful employment practices based on race, in

violation of 42 U.S.C. § 1981, 42 U.S.C. § 2000e, *et seq.*, and Florida Statutes § 760.01, *et seq.*

29. As a direct and proximate result of Defendants' conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive relief.

30. Plaintiff is entitled to recover her attorney's fees and costs under 42 U.S.C. § 1988, 42 U.S.C. § 2000e-5(k), and Florida Statutes § 760.11(5).

## COUNT 2
### RETALIATION

31. Plaintiff realleges paragraphs 1 through 21 above.

32. Plaintiff reported and/or opposed unlawful employment practices during her employment with Defendants.

33. Defendants retaliated against Plaintiff for reporting and/or opposing the unlawful employment practices.

34. As a direct and proximate result of Defendants' acts and omissions, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses. These damages

have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive relief.

35. Plaintiff is entitled to recover her attorney's fees and costs under 42 U.S.C. § 1988, 42 U.S.C. § 2000e-5(k), and Florida Statutes § 760.11(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendants awarding compensatory damages, punitive damages, pre- and post-judgment interest, attorney's fees, and costs; granting equitable relief mandating Defendants' obedience to the laws enumerated above and permanently enjoining Defendants from future violations of those laws; and granting such other and further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all matters so triable.

**TEIN MALONE PLLC**
3059 Grand Avenue
Coconut Grove, Florida 33133
(305) 442-1101

By: */s/ Gaye L. Huxoll*
  Gaye L. Huxoll
  Florida Bar No. 149497
  ghuxoll@teinmalone.com

*Counsel for Plaintiff*